UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHELBY WAGNER, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFFS | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-cv-78 |
| JJM CAPITAL, LLC, JAMES E. HOFFMAN, JR. AND JOSHUA J. REAGAN, INDIVIDUALLY, | § § § § § § | |
| DEFENDANTS | § | |

## PLAINTIFF'S ORIGINAL COLLECTION ACTION COMPLAINT

Plaintiff Shelby Wagner brings this collective action lawsuit on behalf of herself and all others similarly situated against Defendants JJM Capital, LLC, James E. Hoffman, Jr. and Joshua J. Reagan, Individually ("Defendants") and in support would show the following:

### I. PRELIMINARY STATEMENT

1.1 This is a collective action for failure to pay minimum wage and overtime compensation brought under the Fair Labor Standards Act ("FLSA"). Shelby Wagner ("Wagner" or "Plaintiff") worked for Defendants from June 2016 through November of 2016 as a bartender. Defendants operate a number of restaurants/bars within Texas.

1.2 Plaintiff, on behalf of herself and all other similarly situated employees employed by Defendants as bartenders, brings this collective action to recover minimum wage and overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3    For at least three years prior to the filing of this Complaint, Defendants willfully committed widespread violations of the FLSA by failing to pay their employees both minimum wage and overtime pay.

1.4    This collective action consists of current and former non-exempt bartenders who worked for Defendants in the three years preceding the filing of this suit who were not paid minimum or overtime wages.

## II.    JURISDICTION AND VENUE

2.1    The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2    The Court has personal jurisdiction over Defendant JJM Capital, LLC because this entity conducts business in Texas and has entered into relationships with Plaintiff and those similarly situated in Texas, and committed actions in Texas that give rise to this cause of action.

2.3    Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.    PARTIES

**A.    Plaintiff**

3.1    Plaintiff Shelby Wagner is an individual residing in this judicial district.   Her notice of consent is attached hereto as Exhibit A.

**B.    Defendants**

3.2    Defendant JJM Capital, LLC is a domestic limited liability company formed and existing

under the laws of the State of Texas and maintains and operates its principal office in Dallas, Texas.

3.3     Defendant JJM Capital, LLC was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.4     Defendant JJM Capital, LLC can be served with process by serving its registered agent for service of process, James E. Hoffman, Jr., at 2820 McKinnon St., Suite 3070, Dallas Texas 75201.

3.5.    Defendant James E. Hoffman, Jr. and Joshua J. Reagan are individuals who reside in Dallas, Texas.

3.6     At all times relevant to this claim, Defendant James E. Hoffman, Jr. and Joshua J. Reagan acted directly or indirectly in the interest of Defendant JJM Capital, LLC in relation to Plaintiff's employment.

3.7     At all times, Defendant James E. Hoffman, Jr. and Joshua J. Reagan were substantially in control of the terms and conditions of Plaintiff's work.

3.8     Defendant James E. Hoffman, Jr. and Joshua J. Reagan were employers of Plaintiff as defined by 29 U.S.C. §203(d).

3.9     James E. Hoffman, Jr. may be served with process at 2820 McKinnon St., Suite 3070, Dallas Texas 7520.   Joshua J. Reagan may be served with process at 2808 McKinney Ave., Apt. 117, Dallas Texas 75201.

### IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendant JJM Capital, LLC had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in

interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4 At all relevant times, Defendants employed "employees", including Plaintiff, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5 At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6 At all relevant times, Defendant JJM Capital, LLC has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7 At all relevant times, Plaintiff and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendants.

4.8 At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.    FACTUAL ALLEGATIONS

5.1 Defendants own and operate restaurants and bars within the State of Texas.

5.2 Defendants employed Plaintiff and those similarly situated during the three-year period preceding the filing of this Complaint.

5.3 Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.4 Defendants maintained and exercised the power to hire, fire, and discipline Plaintiff and those similarly situated during their employment with Defendants.

5.5 Plaintiff and those similarly situated were required to comply with Defendants' policies and procedures in performing their work during their employment with Defendants.

5.6 As Members/Directors of Defendant JJM Capital, LLC, James E. Hoffman, Jr. and Joshua

J. Reagan independently exercised control over the work performed by Plaintiff and those similarly situated.

5.7     James E. Hoffman, Jr. and Joshua J. Reagan are responsible for running the day-to-day operations of Defendant JJM Capital, LLC.

5.8     James E. Hoffman, Jr. and Joshua J. Reagan, acting directly in the interest of Defendant JJM Capital, LLC, determined the wages to be paid to Plaintiff and those similarly situated.

5.9     James E. Hoffman, Jr. and Joshua J. Reagan, acting directly in the interest of Defendant JJM Capital, LLC, determined the work to be performed by Plaintiff and those similarly situated and monitored and directed such work on a regular basis.

5.10    James E. Hoffman, Jr. and Joshua J. Reagan, acting directly in the interest of Defendant JJM Capital, LLC, determined the locations where Plaintiff and those similarly situated would work.

5.11    James E. Hoffman, Jr. and Joshua J. Reagan, acting directly in the interest of Defendant JJM Capital, LLC, determined the hours of Plaintiff and those similarly situated.

5.12    James E. Hoffman, Jr. and Joshua J. Reagan, acting directly in the interest of Defendant JJM Capital, LLC, determined the conditions of employment of Plaintiff and those similarly situated.

5.13    James E. Hoffman, Jr. and Joshua J. Reagan, acting directly in the interest of Defendant JJM Capital, LLC, maintained employment records on Plaintiff and those similarly situated.

5.14    James E. Hoffman, Jr. and Joshua J. Reagan, acting directly in the interest of Defendant JJM Capital, LLC, possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff and those similarly situated.

5.15    Plaintiff and those similarly situated were non-exempt employees under the FLSA.

5.16    Plaintiff and those similarly situated normally worked in excess of forty hours per week.

5.17    Although Plaintiff and those similarly situated worked more than forty hours per week, they have not been compensated for their overtime hours.

5.18    Additionally, Plaintiff and those similarly situated were tipped employees. As tipped employees, Defendants were required to directly pay Plaintiff and those similarly situated $2.13 an hour.

5.19    Defendants failed to directly pay Plaintiff and those similarly situated any amount at all per hour.

5.20    Instead, Defendants simply split up tips at the end of each shift and these tips constituted the sole source of compensation for Plaintiff and those similarly situated.

5.21    As such, Defendants failed to pay Plaintiff and those similarly situated minimum wage.

5.22    Additionally, even had Defendants directly paid Plaintiff and those similarly situated $2.13 per hour (which they did not), Defendants never informed Plaintiff or those similarly situated of the tip credit provisions of this FLSA, as required by 29 USC § 203(m).

## VI.    COLLECTIVE ACTION ALLEGATIONS

6.1    Other employees have been victimized by this pattern, practice, and policy of Defendants that is in violation of the FLSA. Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other employees.

6.2    Plaintiff brings this lawsuit on behalf of herself and all other persons who worked for Defendants as bartenders at any time three years prior to the filing of this lawsuit, to the entry of judgment in this lawsuit (Collective Class).

6.3     Though their job titles may vary, members of the Collective Class were all treated similarly in that Defendants failed to pay them minimum wage or overtime compensation.

6.4     Plaintiff's experiences are typical of the experiences of other similarly situated employees.

6.5     Defendants' operations with respect to Plaintiff and the Collective Class and wages paid to Plaintiff and the Collective Class are substantially similar, if not identical.

6.6     Defendants' pattern of failing to pay minimum wage and overtime compensation as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class.

6.7     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.8     Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff brings these claims on her behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

6.9     Plaintiff requests that Defendants identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, email addresses and mobile telephone numbers.

6.10    Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiffs' counsel as required by 29 U.S.C. § 216(b).

6.11    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.12    Plaintiff will fairly and adequately represent and protect the interests of those similarly

situated who opt into this action.

## VII.   CAUSE OF ACTION: VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

7.1   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2   As a non-exempt employee under the FLSA, if Plaintiff and those similarly situated worked over forty hours in a workweek, Plaintiff and those similarly situated were entitled to overtime pay for these hours.

7.3   Over the course of the relevant period, Plaintiff and those similarly situated routinely worked in excess of forty hours per week.

7.4   Even though Plaintiff and those similarly situated worked in excess of forty hours per week, Defendants failed to pay Plaintiff and those similarly situated overtime pay for any hours worked in excess of forty per week.

7.5   Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff and those similarly situated overtime compensation for all hours worked over forty per workweek.

7.6   In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff and those similarly situated, or the amount of pay received by Plaintiff and those similarly situated.

7.7   No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff and those similarly situated overtime compensation for hours worked over forty in a workweek.

7.8   Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation. Plaintiff and those similarly situated are entitled to

liquidated damages for such conduct.

**Failure to Pay Minimum Wages**

7.9     Defendants have violated the FLSA by failing to pay Plaintiff and those similarly situated minimum wage for all hours worked during their employment.

7.10    No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff and those similarly situated minimum wage for all hours worked during their employment.

7.11    Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding minimum wage compensation. Plaintiffs are entitled to liquidated damages for such conduct.

7.12    Plaintiff and those similarly situated seek all unpaid overtime and minimum wage compensation, and additional equal amounts as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Shelby Wagner and all those similarly situated to her who have or will opt into this action, respectfully pray that this Honorable Court follow the certification procedures previously established pursuant to § 216 of the Fair Labor Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from prospective members of the collective action, and that subsequent thereto Plaintiff and all others similarly situated recover the following, jointly and severally, from Defendants JJM Capital, LLC, James E. Hoffman, Jr. and Joshua J. Reagan, Individually:

a. Actual damages for the full amount of unpaid overtime and minimum wage compensation;

b. Liquidated damages in an amount equal to the unpaid overtime and minimum wage compensation;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

Scotty Jones
State Bar No. 00796848
DUNHAM & JONES, P.C.
1110 E. Weatherford Street
Fort Worth, Texas 76102
Tel: (817) 888-8888
Fax: (817) 810-0050
E-Mail: sjones@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF