UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHELBY WAGNER, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFFS<br><br>v.<br><br>JJM CAPITAL, LLC, JAMES E. HOFFMAN, JR. AND JOSHUA J. REAGAN, INDIVIDUALLY,<br><br>DEFENDANTS | §§§§§§§§§§§§§ | CIVIL ACTION NO. 3:17-cv-78 |

## JOINT SCHEDULING PROPOSAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the Court's Order dated March 6, 2017 (Dkt. #9), Plaintiff Shelby Wagner ("Plaintiff") and Defendants JJM Capital, LLC, James E. Hoffman, Jr. and Joshua J. Reagan, Individually (collectively "Defendants") hereby file this Joint Scheduling Proposal as follows:

1.  (a)   **Deadline to join other parties**

Because this is a putative FLSA collective action potentially involving multiple plaintiffs, the Parties propose that the case proceed as follows and in a manner that the Parties believe will affect all of the deadline proposals sought by the Court in parts (2)-(8) and (12)-(14) in the Court's Order.

Following some initial discovery, the Plaintiff will file a Motion for Notice and Conditional Certification seeking court approval to send notice to other similarly situated individuals who worked for Defendants. By June 3, 2017 assuming no issues needing court intervention arise, Plaintiff anticipates filing a Motion for Notice and Conditional Certification and Proposed Order along with forms for the Notice and Consents to Join. Defendants will file a response in opposition to the Motion and Plaintiff would file a reply with these deadlines running in accordance with the Local Rules.

After the close of any opt-in period, provided the Court grants the Motion for Notice and Conditional Certification, or after the Court denies the Motion, the Parties propose that

the Court's Scheduling Order issued as a result of this report (1) direct the Parties to meet and confer within 30 days of the close of notice/denial of the Motion for Conditional Certification for the purpose of conducting a second Rule 16 conference, (2) direct the parties to file, within 14 days of the meeting, a proposed scheduling order addressing the deadlines identified in the Order, and (3) direct the parties to submit a proposed case management plan and scheduling order setting forth how the matter will be litigated and tried.

Without knowing the size of this matter, the Parties are unable to anticipate with certainty the amount of time necessary for discovery. Based on the experience of both counsel, the discovery process could take between 9-12 months to complete, depending on the number of individuals who consent to become opt-in plaintiffs, if any. The parties estimate at this time that 9-12 months may be a reasonable and necessary amount of time in which to conduct discovery in this case because (1) the Parties need adequate time to schedule and take depositions of potential fact witnesses involved in this case; (2) the Parties anticipate designating expert witnesses in this case and adequate time will be needed to obtain and depose those experts; and (3) the Parties need to allow time in which they may conduct additional written discovery in this case. The proposed second scheduling conference will allow the Parties to confer with more specific knowledge as to the needs of this action.

**(b)    Amend Pleadings**

The Parties jointly propose submitting an Agreed Case Management Plan after the second Rule 16 conference described in Section 1(a) above.

**(c)    Deadline to file motions, including summary judgment and other dispositive motions.**

The Parties jointly propose submitting an Agreed Case Management Plan after the second Rule 16 conference described in Section 1(a) above.

**(c)    Deadline to complete discovery.**

The Parties jointly propose submitting an Agreed Case Management Plan after the second Rule 16 conference described in Section 1(a) above.

**(e)    Deadline to designate expert witnesses and make the expert disclosures required by Rule 26(a)(2).**

The Parties jointly propose submitting an Agreed Case Management Plan after the second Rule 16 conference described in Section 1(a) above.

2. **The parties' views and proposals concerning:**

   (a) **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a) or the local civil rules, including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

   The Parties jointly propose submitting an Agreed Case Management Plan after the second Rule 16 conference described in Section 1(a) above, including, but without limitation to, proposed dates as to when disclosures under Rule 26(a)-(l) will be made.

   (b) **The subjects on which discovery may be needed; (ii) when discovery should be completed; (iii) and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

   See Paragraph 1(a). The Parties proposes submitting an Agreed Case Management Plan after the second Rule 16 conference described in Section 2 above. Plaintiff will need to conduct discovery regarding Plaintiff's and the putative class's claims for unpaid overtime wages, including the hours worked and the wages Plaintiff and the putative class were paid for those hours.

   (c) **Any issues related to the disclosure or discovery of electronically stored information:**

   The parties have agreed that electronically stored information requested in discovery may be produced in the form in which it is ordinarily maintained and/or in a reasonably usable form, and that disclosure shall not require the production of metadata.

   (d) **Any issues related to privilege or of protection as trial preparation materials**

   None at this time. The parties anticipate that the parties will agree on the protection and orders of such materials, if any.

   (e) **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local civil rule, and what other limitations should be imposed.**

   Defendants believe that changes to the number of depositions permitted under the Rules may be necessary depending on whether this case is conditionally certified as a collective action and depending on the number of opt-ins, if any.

   (f) **Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

   None at this time. The parties anticipate that the parties will agree on the protection and orders of discovery materials, if any.

3.  **The respective positions of the parties concerning referring the case to a magistrate judge for jury or nonjury trial by consent, pursuant to 28 U.S.C. § 636(c).** *See infra* **§ VI.**

    The Parties do not consent to trial before a United States Magistrate Judge.

4.  **Advisability of Referring the Case to Alternate Dispute Resolution**

    The parties believe that the case will be appropriate for mediation or some other form of Alternative Dispute Resolution this case after the applicable opt-in period is completed.

 

Respectfully submitted,

By:   /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No.  00788641
1800 Guadalupe Street
Austin, TX 78701
Tel.: (512) 777-7777
Fax:  (512) 340-4051
doug@dunhamlaw.com

and

Scotty Jones
State Bar No. 00796848
DUNHAM & JONES, P.C.
1110 E. Weatherford Street
Fort Worth, TX 76102
Tel: (817) 339-1185
Fax: (817) 810-0050
E-mail: sjones@dunhamlaw.com

**ATTORNEYS FOR PLAINTIFF**

By: /s/ Russell D. Cawyer
**Russell D. Cawyer**
State Bar No. 00793482
Kelly Hart & Hallman
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Tel.: (817) 332-2500
Fax: (817) 878-9280
E-mail: Russell.cawyer@kellyhart.com

**ATTORNEY FOR DEFENDANTS**